IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE VARIABLE ANNUITY LIFE INSURANCE COMPANY, § § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-05-2763 |
| § | | |
| PENCO, INC., § | | |
| Defendant. § | | |

## MEMORANDUM AND ORDER

This case is before the Court on the Notice of Dismissal [Doc. # 61] filed by Plaintiff The Variable Annuity Life Insurance Company ("VALIC") seeking to dismiss without prejudice its defamation claim against Defendant Penco, Inc. ("Penco"). Based on its review of the record in this case and the relevant legal authorities, the Court concludes that Plaintiff is not entitled to dismiss its defamation claim without prejudice pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure.

### I. PROCEDURAL HISTORY

VALIC filed this lawsuit in state court on June 28, 2005. Penco removed the case to this Court on August 10, 2005. *See* Notice of Removal [Doc. # 1]. On August 15, 2005, Penco filed a Counterclaim [Doc. # 5] but did not file an Answer.

On August 16, 2005, VALIC filed its First Amended Complaint [Doc. # 7]. On August 25, 2005, Penco filed its Answer [Doc. # 10] subject to its Counterclaim.

On January 6, 2006, Plaintiff filed a Second Amended Complaint, adding a defamation claim against Penco. On February 13, 2006, Plaintiff filed a Third Amended Complaint [Doc. # 43], that contained the defamation claim. Penco did not file an Answer to either the Second or Third Amended Complaints.

On May 9, 2006, VALIC filed a Notice of Dismissal of its defamation claim without prejudice. Mistakenly believing that the dismissal was unopposed, the Court issued an Order [Doc. # 64] on May 10, 2006, dismissing the defamation claim without prejudice. On May 11, 2006, Penco filed a Response [Doc. # 66] to VALIC's Notice of Dismissal. During a conference on May 19, 2006, the Court vacated the dismissal order and gave the parties an opportunity to file additional briefing on the availability of a Rule 41(a)(1)(i) dismissal without prejudice of the defamation claim. *See* Hearing Minutes and Order [Doc. # 72]. VALIC subsequently filed a Brief in Support [Doc. # 79] of its Notice of Dismissal. The matter is now ripe for decision.

**II.    ANALYSIS**

An action may be dismissed without prejudice by the plaintiff "by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs . . .." FED. R. CIV. P. 41(a)(1)(i).

Dismissal without prejudice pursuant to Rule 41(a)(1)(i) is available to dismiss one of multiple defendants. *See Plains Growers, Inc. v. Florists' Mut. Ins. Co.*, 474 F.2d 250, 253 (5th Cir. 1973); *Drum v. Calhoun*, 2005 WL 2217504, *2 (N.D. Tex. Sept. 9, 2005). Rule 41(a)(1)(i) is also an available means to dismiss single claims from multiple-claim lawsuits. *See Exxon Corp. v. Maryland Cas. Co.*, 599 F.2d 659, 662 (5th Cir. 1979).

In this case, Penco filed and served an Answer prior to VALIC's Notice of Dismissal, but did not file an Answer to either amended complaint containing the defamation claim. Although this precise situation has not been addressed by the courts in the Fifth Circuit, the Court finds the Fifth Circuit's decision in *Exxon Corp. v. Maryland Cas. Co.* to be persuasive. In that case, the lawsuit included two claims. The defendant filed a motion to dismiss both claims, but then withdrew the motion as to the second claim. The district court granted the motion and dismissed the first claim. The plaintiff filed a request for entry of final judgment on the dismissed claim, and the district court denied the request. The plaintiff subsequently filed a notice of voluntary dismissal of the second claim, another motion for entry of final judgment on the dismissed claim, and a notice of appeal.

The defendant in the *Exxon* case challenged the appeal as premature, arguing that Rule 41 did not permit the unilateral dismissal of a claim after a motion for summary

judgment had been filed and that the motion to dismiss, supported by matters outside the pleadings, was in effect a motion for summary judgment. The plaintiff responded that the defendant had not filed an answer or a motion for summary judgment as to the second claim and, therefore, a Rule 41 voluntary dismissal was appropriate.

The Fifth Circuit noted that the theory underlying the timing limitation of Rule 41(a)(1) is that "after the defendant has become actively engaged in the defense of a suit, he is entitled to have the case adjudicated and it cannot, therefore, be terminated without either his consent, permission of the court, or a dismissal with prejudice that assures him against the renewal of hostilities." *Exxon*, 599 F.2d at 661. The "difficult problem" in the *Exxon* case was whether the filing of a relevant pleading on one claim precluded the application of Rule 41(a)(1)(i) on a second claim. *Id.* at 661-62. The Fifth Circuit noted that the "purpose of the rule is to permit a plaintiff to take the case out of court at an early stage if no other party will be prejudiced. The filing of an answer or a motion for summary judgment is a bright-line way to determine when that early stage has ended." *Id.* at 662. The Fifth Circuit also stated that the scope of the relevant pleading, a motion for summary judgment in *Exxon*, was not material because the rule simply provides that "the period when unilateral dismissal is allowed ends when" an answer or a motion for summary judgment is served. *Id.*

The Fifth Circuit then compared the *Exxon* case with the Fifth Circuit's prior decision in *Plains Growers*.[1] In the earlier case, the plaintiff was permitted under Rule 41(a)(1)(i) to dismiss a defendant who had not filed an answer even though the case would remain pending against a different defendant who had answered. The Fifth Circuit in *Exxon* found that the situation before it was "quite different." *Id.* This was so because allowing dismissal of the single claim as to which a motion for summary judgment had not been filed would not relieve the defendant of the "obligation to appear in court" and would cause the defendant to "face the possibility of defending overlapping claims in two forums . . .." *Id.* The Fifth Circuit held that it was impermissible to "allow Exxon to decide unilaterally to put Maryland Casualty to this risk." *Id.* at 663.

The Court concludes that the *Exxon* analysis and holding apply to this case. Penco filed an answer that addressed certain claims but did not file an answer addressing the defamation claim. After this case had been pending for almost a year and after the parties had engaged in substantial discovery, VALIC attempted to dismiss without prejudice its defamation claim. The statute of limitations for the defamation claim is one year. *See* TEX. CIV. PRAC. & REM. CODE § 16.002(a). The defamation allegedly occurred in June 2005, *see* Second Amended Complaint [Doc. # 20], ¶ 22;

---

[1]   *Plains Growers, Inc. v. Florists' Mut. Ins. Co.*, 474 F.2d 250 (5th Cir. 1973).

Third Amended Complaint [Doc. # 43], ¶¶ 33-34, more than one year ago. Nonetheless, tolling rules could potentially apply to expose Penco to the risk that VALIC will refile the defamation claim, forcing Penco to defend overlapping claims in more than one case. Because Penco has filed an answer in this case, VALIC cannot at this stage of the case unilaterally and without prejudice dismiss its defamation claim under Rule 41(a)(1)(i).

### III.  CONCLUSION AND ORDER

Based on the Fifth Circuit's decision in *Exxon* and the circumstances of this case, the Court concludes that Plaintiff is not entitled to dismiss its defamation claim without prejudice pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure. Dismissing the single claim without prejudice while the other claims remain pending would improperly force Penco to face the possibility of defending overlapping claims in multiple cases. Accordingly, the Notice of Dismissal is ineffective to dismiss the defamation claim. Plaintiff may, if desired, file by **September 25, 2006**, a motion for dismissal of the defamation claim pursuant to Rule 41(a)(2).

IT IS SO ORDERED.

SIGNED at Houston, Texas, this **11th** day of **September, 2006**.

Nancy F. Atlas
United States District Judge