**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| THE VARIABLE ANNUITY LIFE INSURANCE COMPANY, Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-05-2763 |
| PENCO, INC., Defendant. | § | |

# MEMORANDUM AND ORDER

This breach of contract case is before the Court on the Motion for Partial Summary Judgment [Doc. # 81] filed by Plaintiff The Variable Annuity Life Insurance Company ("VALIC") and the Motion for Summary Judgment [Doc. # 83] filed by Defendant Penco, Inc. ("Penco"). Having considered the parties' submissions, all matters of record, and the applicable legal authorities, the Court **denies** both Motions.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

VALIC provides and administers investments within deferred compensation plans for employees of schools, hospitals and charitable organizations. Penco

[1] Plaintiff's defamation claim was dismissed by Order [Doc. # 102] in accordance with the parties' Agreed Stipulation [Doc. # 101]. By Memorandum and Order [Doc. # 97] entered September 6, 2006, the Court denied Plaintiff's Motion for Leave to Amend Complaint to add a breach of contract claim relating to Defendant's alleged dissemination of materials referring to VALIC without VALIC's permission. Therefore, Defendant's motion for summary judgment on the defamation claim and on the document dissemination claim is moot.

administers such plans. Bencor, Inc. ("Bencor") develops and sells retirement plans, including plans that it developed prior to its relationship with VALIC and referred to as "Schedule 3 cases."[2]

In June 2000, VALIC entered into a Marketing Agreement with Bencor to offer certain deferred compensation plans to public employees. At the same time, VALIC and Bencor entered into an Administrative Services Agreement ("ASA") with Penco for Penco to administer the plans. Wachovia Bank N.A. ("Wachovia") served as the trustee of the plans. Plan sponsors (employers) deposited contributions with Wachovia, and Penco then provided Wachovia with instructions regarding where to send the deposited contributions. Wachovia held the funds until Penco gave it transfer instructions.

In March 2005, VALIC sued Bencor in connection with a dispute over the Marketing Agreement. The dispute was submitted to arbitration and was decided in Bencor's favor.

Bencor then engaged Diversified Investment Advisors and TransAmerica Financial Life Insurance Company (collectively "Diversified") as the new investment

---

2 These plans are referred to as "Schedule 3" cases because they are listed on Schedule 3 of the Marketing Agreement.

provider. Penco continued to serve as administrator and Wachovia continued to serve as trustee.

In June 2005, VALIC filed this lawsuit against Penco in Texas state court. VALIC alleged that Penco breached the ASA by denying VALIC's request for access to Penco's books and records and by failing to process participants' requested rollovers in a timely manner. The lawsuit relates to the manner in which Penco dealt with VALIC during VALIC's dispute with Bencor and during Bencor's subsequent transition from VALIC to Diversified as the investment provider. In August 2005, Penco removed the case to this court.

In February 2006, VALIC filed its Third Amended Complaint, adding an allegation that Penco breached the ASA by directing Wachovia not to transfer to VALIC contribution deposits received from plan sponsors who had agreed to move their investments from VALIC to Diversified but had not yet given written authorization.

Penco terminated the ASA effective April 7, 2007.

After an ample opportunity for discovery, the parties filed their motions for summary judgment. VALIC seeks summary judgment on its claims regarding access to records for Schedule 3 cases and regarding Penco's failure to direct Wachovia to

transfer funds to VALIC. Penco seeks summary judgment on all three claims asserted by VALIC. The motions have been fully briefed and are ripe for decision.

## II. SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides for the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322; *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). In deciding whether a genuine and material fact issue has been created, the facts and the inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).

## III. ANALYSIS

VALIC has voluntarily dismissed its defamation claim, and the Court denied VALIC's request to amend its complaint to add a breach of contract claim based on Penco's alleged dissemination of documents without VALIC's authorization. As a result, the only claims in the case are VALIC's claims that Penco breached the ASA by (1) failing to provide access to books and records of Schedule 3 cases; (2) failing to process rollover requests in a timely manner; and (3) causing Wachovia not to transfer plan contributions to VALIC.

In order to prevail on a breach of contract claim, a plaintiff must establish the existence of a contract, the performance or tender of performance by the plaintiff, a breach by the defendant and damages as a result of that breach. *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 577 (5th Cir. 2003) (citing *Frost Nat'l Bank v. Burge*, 29 S.W.3d 580, 593 (Tex. App. – Houston [14th Dist.] 2000, no pet.)). The parties admit that the ASA is a binding contract, and the issue of damages has been deferred until after the Court rules on the pending motions. The element at issue in the motions for summary judgment is whether Penco breached the ASA.

### A. Alleged Failure to Provide Documents on Request

The ASA provides that Penco will maintain records in connection with the plans and will provide a copy of those records to Bencor or VALIC "as reasonably requested

by either of them[.]" *See* ASA, ¶ 2(a)(xviii). VALIC alleges that it requested access to Penco's records, including books and records related to Schedule 3 cases. VALIC alleges that, although Penco provided access to records for non-Schedule 3 cases, Penco denied VALIC's request for Schedule 3 cases in violation of the ASA.

Penco contends that VALIC's request was not reasonable for a number of reasons, including Bencor's insistence that VALIC was not entitled under the Marketing Agreement to records relating to Schedule 3 cases. Whether VALIC's request was reasonable under the circumstances and under the terms of the ASA, viewed in light of the terms of the related Marketing Agreement, is a question of fact to be determined at trial and is not an appropriate matter for summary judgment. As a result, both parties' motions for summary judgment on this aspect of VALIC's breach of contract claim are denied.

**B. <u>Alleged Delay in Processing Rollover Requests</u>**

The ASA requires Penco to provide "maximum flexibility for distributions of cash, rollover to an IRA or rollover to another qualified retirement Plan of VALIC;" and to perform "all other continuing, day-to-day clerical and administrative functions in connection with the Plans and Contracts as reasonably requested or directed by BENCOR or VALIC." *See* ASA, ¶¶ 2(a)(xiv), (xxi). VALIC argues that Penco breached these provisions of the ASA by failing to process the rollover of participant

contributions in a timely manner. The ASA does not provide a time limit for processing rollover requests.

Where, as here, the contract does not include a specific time for performance, the law implies a "reasonable" time. *See Pearcy v. Environmental Conservancy of Austin and Cent. Tex., Inc.*, 814 S.W.2d 243, 246 (Tex. App. – Austin 1991, writ denied). A "reasonable" time is determined from the facts and circumstances of the particular case, including the "difficulties surrounding and attending its accomplishment," and is generally a fact question for the jury. *Advantage Physical Therapy, Inc. v. Cruse*, 165 S.W.3d 21, 26 (Tex. App. – Houston [14th Dist.] 2005, no pet.) (citing *Valencia v. Garza*, 765 S.W.2d 893, 897 (Tex. App. – San Antonio 1989, no writ)).

In this case, there is evidence that Penco typically processed rollover requests in 10-15 days. In June 2005, there were an unusually large number of rollover requests and Penco took approximately 22 days to process them. Penco argues this is a reasonable time given the increased number of requests. VALIC argues the delay was intentional and unreasonable because only requests to rollover to other VALIC investments were delayed. Whether a twenty-two day time period to process VALIC's rollover requests is reasonable under the circumstances is a question of fact to be decided at trial. Penco's motion for summary judgment on this issue is denied.

**C. Alleged Failure to Direct Wachovia to Transfer Plan Contributions**

The ASA provides that Penco will maintain "participant investment elections for contributions;" and will process "contributions in accordance with participant investment election instructions." *See* ASA, ¶¶ 2(a)(ii), (iv). Bencor exercised its right to change investment providers pending the plan sponsors' final approval of that change, changing from VALIC to Diversified. At the time Bencor exercised its right to change investment providers, some plan sponsors informed Bencor informally that they agreed to the change to Diversified. The plan sponsors thereafter completed the written form "directing" the change of investment for the plan assets. VALIC alleges that Penco breached the ASA by failing to direct Wachovia, the trustee, to continue to transfer investor deposits to VALIC until Bencor received the written form from the plan sponsors. The ASA does not provide a time frame for transferring deposits and accordingly, as is discussed above, a "reasonable" time applies. Additionally, the ASA does not specify whether "participant investment election instructions" must be in writing before they are controlling. Whether Penco breached the ASA by failing to direct Wachovia to transfer deposits to VALIC after Bencor changed to Diversified as the investment provider, but before the plan sponsors completed written instructions, depends on the resolution of disputed facts. As a result, summary judgment is not appropriate on this claim and both motions for summary judgment are denied.

## IV. CONCLUSION AND ORDER

The record is replete with genuine issues of material fact which preclude summary judgment in favor of either party. Unless settled, the case will proceed to trial on VALIC's claims that Penco breached the ASA by (1) failing to provide access to books and records of Schedule 3 cases; (2) failing to process rollover requests in a timely manner; and (3) causing Wachovia not to transfer plan contributions. It is hereby

**ORDERED** that VALIC's Motion for Partial Summary Judgment [Doc. # 81] and Penco's Motion for Summary Judgment [Doc. # 83] are **DENIED**. The Court will issue a separate scheduling order.

SIGNED this **17th** day of **October, 2006**.

Nancy F. Atlas
United States District Judge